| | | |
|---|---|---|
| Alison Lundergan Grimes<br>Secretary of State | **Commonwealth of Kentucky**<br>**Office of the Secretary of State** | Summons Division<br>PO BOX 718<br>FRANKFORT, KY 40602-0718 |

February 1, 2018

LIFE INSURANCE COMPANY
OF NORTH AMERICA
MICHAEL A. JAMES
TWO LIBERTY PLACE
1601 CHESTNUT STREET
PHILADELPHIA, PA 19192

FROM:   SUMMONS DIVISION
        SECRETARY OF STATE

RE:     CASE NO: 18-CI-00068

COURT:  Circuit Court Clerk
        Scott County
        119 N Hamilton St.
        Georgetown, KY 40324
        Phone: (502) 863-0474

Legal action has been filed against you in the captioned case. As provided under Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

  (1) **Your attorney, or**
  (2) **The attorney filing this suit whose name should appear on the last page of the complaint, or**
  (3) **The court or administrative agency in which the suit is filed at the clerk's number printed above.**

The Kentucky Secretary of State has NO POWER to make a legal disposition of this case. Your responsive pleadings should be filed with the clerk of the court or agency where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve the pleading under a particular statute or rule and pay for said service.

| | | |
|---|---|---|
| AOC-E-105  Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice  Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **18-CI-00068**<br>Court: **CIRCUIT**<br>County: **SCOTT** |

*Plantiff,* LINDSEY, CYNTHIA K. VS. LIFE INSURANCE COMPANY OF NORTH AMER, *Defendant*

TO: **MICHAEL A. JAMES**
  **TWO LIBERTY PLACE**
  **1601 CHESTNUT STREET**
  **PHILADELPHIA, PA 19192**

Memo: Related party is LIFE INSURANCE COMPANY OF NORTH AMERICA

The Commonwealth of Kentucky to Defendant:
**LIFE INSURANCE COMPANY OF NORTH AMERICA**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

  /s/ Karen Boehm, Scott Circuit Clerk
  Date: **01/29/2018**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

  To: _____

☐ Not Served because: _____

  Date: _____, 20_____

  Served By _____

  Title _____

Summons ID: 8543586243154@00000129641
CIRCUIT: 18-CI-00068 Long Arm Statute – Secretary of State
LINDSEY, CYNTHIA K. VS. LIFE INSURANCE COMPANY OF NORTH AMER

Page 1 of 1

eFiled

Case: 5:18-cv-00158-JMH Doc #: 1-1 Filed: 02/26/18 Page: 3 of 15 - Page ID#: 8

Filed          18-CI-00068        1/29/2018           Karen Boehm, Scott Circuit Clerk
A true copy attest   18-CI-00068   01/29/2018         /s/Karen Boehm, Scott Circuit Clerk

COMMONWEALTH OF KENTUCKY
SCOTT CIRCUIT COURT
DIVISION _____

| | |
|---|---|
| **Cynthia K. Lindsey,** | Case No. _____ |
| Plaintiff, | **COMPLAINT** |
| v. | |
| **Life Insurance Company of North America,** and **Toyota Motor Manufacturing, Kentucky, Inc. Group Plan,** | |
| Defendants. | |

*Electronically Filed*

1. Plaintiff, Cynthia K. Lindsey, brings this action against Defendants, Life Insurance Company of North America and Toyota Motor Manufacturing, Kentucky, Inc. Group Plan (collectively "Defendants") for breach of contract and declaratory relief or, alternatively, under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). Plaintiff was a participant in her former employer Toyota Motor Manufacturing, Kentucky, Inc.'s ("TMMK") employee benefit plan. The employee benefit plan included a policy for disability benefits issued by Life Insurance Company of North America to TMMK (Plan/Policy Number: FLK-0980011). Life Insurance Company of North America acted as the claims administrator for the disability insurance policy. This complaint challenges Defendants' denial of Plaintiff's disability benefits since December 2015, despite medical evidence demonstrating her qualification for said benefits (Incident Number: 3126823-01). Plaintiff brings this civil action to recover benefits due to her under the terms of her plan, to enforce her rights

Page 1 of 11

Filed          18-CI-00068        01/29/2018          Karen Boehm, Scott Circuit Clerk
A true copy attest   18-CI-00068   01/29/2018         /s/Karen Boehm, Scott Circuit Clerk

*Presiding Judge: HON. PAUL F. ISAACS (614172)*

*Package:000003 of 000013*

under the terms of the plan, and to clarify her rights to future benefits under the terms of the plan. Plaintiff also seeks an award of reasonable attorney's fees and costs of action.

## Introduction

### Parties

2.  Plaintiff, Cynthia K. Lindsey, is an individual citizen of the Commonwealth of Kentucky, residing in Somerset, Pulaski County, Kentucky. She previously worked as a team member for TMMK at its automobile manufacturing facility in Georgetown. She participated in an employee benefit plan which included a disability insurance policy that was issued by Life Insurance Company of North America to TMMK.

3.  Defendant Life Insurance Company of North America ("CIGNA/LINA") is a Pennsylvania corporation with its principal office at Two Liberty Place, 1601 Chestnut Street, Philadelphia, PA 19192-2362. LINA's agent for service of legal process is Michael A. James, Two Liberty Place, 1601 Chestnut Street, Philadelphia, PA 19192-2211. LINA, also known as CIGNA Group Insurance, is a subsidiary of CIGNA Corporation. CIGNA/LINA is a for-profit corporation and does business in the Commonwealth of Kentucky, deriving revenue from its business it conducts in Kentucky. CIGNA/LINA issued TMMK's disability insurance policy and acted as its claims administrator.

4.  Defendant Toyota Motor Manufacturing, Kentucky, Inc. Group Plan (the "Plan") is an employee welfare benefit plan as defined by ERISA § 3(1), 29 U.S.C. § 1002(1). Pursuant to ERISA § 502(d)(1), the Plan is a distinct legal entity that may be sued and served through its plan administrator. 29 U.S.C. § 1132(d). TMMK is the administrator with respect to the Plan.

Case: 5:18-cv-00158-JMH Doc #: 1-1 Filed: 02/26/18 Page: 5 of 15 - Page ID#: 10

Filed          18-CI-00068     1/29/2018            Karen Boehm, Scott Circuit Clerk
A true copy attest  18-CI-00068  01/29/2018         /s/Karen Boehm, Scott Circuit Clerk

The name and address of the designated agent for service of legal process are: C T Corporation System, 306 West Main Street, Suite 512, Frankfort, KY 40601.

**Jurisdiction**

5. This action arises, in part, under the common law of Kentucky relating to breach of contract and declaratory relief. Alternatively, this action arises under the civil enforcement section of ERISA, ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

6. This Court has subject matter jurisdiction over the claims for breach of contract and declaratory relief under Section 112(5) of the Kentucky Constitution, Kentucky Revised Statutes ("KRS") 23A.010(1), and the Declaratory Judgment Act, KRS 418.040 et seq. State courts have concurrent jurisdiction of actions under ERISA § 502(a)(1)(B). 29 U.S.C. § 1132(e)(1). The amount in controversy is believed to exceed $5,000, exclusive of interests and costs.

7. This Court has personal jurisdiction over Defendants under KRS 454.210(2) because, at all relevant times, they transacted business in Kentucky and contracted to insure Plaintiff, who was located within Kentucky at the time of contracting.

**Venue**

8. Venue is proper in this Court under KRS 454.210(4) because Scott County is where the cause of action arose.

**Background**

9. Plaintiff, age 52, has a high school equivalency credential (GED) and work experience in a factory environment. She previously worked as a team member for TMMK. Through her employment with TMMK, she participated in an employee benefit plan which

Page 3 of 11

Case: 5:18-cv-00158-JMH Doc #: 1-1 Filed: 02/26/18 Page: 6 of 15 - Page ID#: 11
Filed 18-CI-00068 1/29/2018 Karen Boehm, Scott Circuit Clerk
A true copy attest 18-CI-00068 01/29/2018 /s/Karen Boehm, Scott Circuit Clerk

included a disability insurance policy that was issued by CIGNA/LINA to TMMK. CIGNA/LINA acted as the claims administrator for the disability insurance policy.

10. CIGNA/LINA acted under a conflict of interest because of its dual roles as claims administrator and payor of disability benefits. That conflict of interest drove CIGNA/LINA's biased handling of Plaintiff's claim.

11. The disability insurance policy's covered employment class includes Plaintiff.

12. As a full-time employee, Plaintiff became insured under the disability insurance policy.

13. The disability insurance policy provides for benefits to cover the employees who meet all contractual provisions, including the definition of disability.

14. The terms of the disability insurance policy defining "disability" are as follows:

**Definition of Disability/Disabled**
The Team Member is considered Disabled if, solely because of Injury or Sickness, he or she is:
1. unable to perform the material duties of his or her Regular Job; and
2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Job.

After Disability Benefits have been payable for 24 months, the Team Member is considered Disabled if, solely due to Injury or Sickness, he or she is:
1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and
2. unable to earn 60% or more of his or her Indexed Earnings.

The Insurance Company will require proof of earnings and continued Disability.

15. Plaintiff requested disability benefits from CIGNA/LINA. CIGNA/LINA initially approved her claim and paid disability benefits from December 1, 2013, until on or about

Page 4 of 11

Case: 5:18-cv-00158-JMH  Doc #: 1-1  Filed: 02/26/18  Page: 7 of 15 - Page ID#: 12
Filed            18-CI-00068       1/29/2018           Karen Boehm, Scott Circuit Clerk
A true copy attest   18-CI-00068    01/29/2018         /s/Karen Boehm, Scott Circuit Clerk

November 30, 2015. In doing so, CIGNA/LINA determined that she was unable to perform her "regular job" for 24 months.

16. By letter dated July 22, 2015, CIGNA/LINA advised Plaintiff that she did not meet the "any occupation" definition of disability and that payments would cease beyond December 1, 2015.

17. Plaintiff retained our law office in September 2015 in relation to her disability claim.

18. Plaintiff timely appealed the adverse decision by letter dated May 10, 2016.

19. CIGNA/LINA notified Plaintiff that they had decided to uphold their prior decision to deny her disability claim by letter dated March 1, 2017. That decision was wrong for the reasons stated below.

20. Plaintiff timely appealed the adverse decision by letter dated July 24, 2017.

21. Defendants notified Plaintiff that they had decided to uphold their prior decision to deny her disability claim by letter dated November 10, 2017.

22. Plaintiff has exhausted all administrative levels of appeal with Defendants.

23. Defendants' decision to deny disability benefits is unreasonable and unsupported by substantial evidence. Plaintiff is eligible for disability benefits under the "any occupation" definition of disability. As a result of Defendants' improper denial of Plaintiff's disability claim, she has not received any disability payments since on or about December 2015.

24. **The medical evidence supports disability.** Plaintiff stopped working on June 3, 2013, following a work-related injury in September 2012. She suffers from physical and mental

Page 5 of 11

Filed            18-CI-00068       01/29/2018          Karen Boehm, Scott Circuit Clerk
A true copy attest   18-CI-00068    01/29/2018         /s/Karen Boehm, Scott Circuit Clerk

Case: 5:18-cv-00158-JMH Doc #: 1-1 Filed: 02/26/18 Page: 8 of 15 - Page ID#: 13

Filed          18-CI-00068     1/29/2018         Karen Boehm, Scott Circuit Clerk
A true copy attest   18-CI-00068     01/29/2018         /s/Karen Boehm, Scott Circuit Clerk

conditions, including a right torn rotator cuff, arthritis of the hips, carpal tunnel syndrome, obesity, and borderline intellectual functioning, among other conditions. She was restricted to lifting no more than ten pounds.

25.  As a result of her condition and the resulting limitations, Plaintiff states that she can no longer return to work at TMMK. It is believed that she would be unable to work in another occupation due to the severity of her symptoms and restrictions.

26.  Plaintiff's condition is unlikely to improve. Not only is it unlikely to improve, but it is likely going to worsen over time. Hopefully she can control some of the symptoms with medication. She continues to follow up and has been under the regular care of physicians since her injuries.

27.  **Plaintiff is disabled under the Social Security Act.** The Social Security Administration ("SSA") agrees that she would be unable to work and awarded her Social Security Disability Insurance ("SSDI") benefits on January 27, 2016. The SSA found that she became disabled on June 3, 2013. According to the SSA, "Considering the claimant's age, education, work experience, and residual functional capacity, there are no jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c) and 404.1566)."

28.  "Disability" under the SSA's rules is based on a claimant's inability to work. The SSA will consider a claimant disabled under its rules if:

- The claimant cannot do work that he or she did before;
- The SSA decides that the claimant cannot adjust to other work because of his

Page 6 of 11

Filed          18-CI-00068     01/29/2018         Karen Boehm, Scott Circuit Clerk
A true copy attest   18-CI-00068     01/29/2018         /s/Karen Boehm, Scott Circuit Clerk

Case: 5:18-cv-00158-JMH Doc #: 1-1 Filed: 02/26/18 Page: 9 of 15 - Page ID#: 14

Filed          18-CI-00068        01/29/2018              Karen Boehm, Scott Circuit Clerk
A true copy attest   18-CI-00068   01/29/2018             /s/Karen Boehm, Scott Circuit Clerk

or her medical condition; and

- The claimant's disability has lasted or is expected to last for at least one year or to result in death.[1]

29. The SSA's definition of "disability" is stricter than CIGNA/LINA's "regular job" definition of disability. Under CIGNA/LINA's "regular job" definition, which is applicable for the first 24 months of payments, a claimant is disabled if he or she is unable to perform the material duties of his or her regular job. Following 24 months of payments, the claimant must meet the "any occupation" definition to continue receiving payments, which means he or she must be unable to perform the material duties of any occupation. CIGNA/LINA's "any occupation" definition of disability and the SSA's definition of disability are arguably analogous.

30. Based on the above, it appears that the SSA determined that Plaintiff is disabled under a stricter standard than CIGNA/LINA are using to deny her disability benefits. It is unreasonable for CIGNA/LINA to continue to deny disability benefits given the SSA's decision to award her SSDI benefits.

31. **CIGNA/LINA wrongfully and belatedly denied Plaintiff's first administrative appeal.** It is our belief that CIGNA/LINA failed to make a decision on Plaintiff's first appeal within the time allowed by ERISA.

32. The law is clear as to CIGNA/LINA's obligation to decide Plaintiff's first appeal no later than 90 days after the submission of the appeal. ERISA regulations provide that "the plan administrator shall notify a claimant... of the plan's benefit determination on review within a reasonable period of time, but not later than [45] days after receipt of the claimant's request for

---

[1] 42 U.S.C. § 423(d)(1).

Page 7 of 11

Filed          18-CI-00068        01/29/2018              Karen Boehm, Scott Circuit Clerk
A true copy attest   18-CI-00068   01/29/2018             /s/Karen Boehm, Scott Circuit Clerk

Case: 5:18-cv-00158-JMH Doc #: 1-1 Filed: 02/26/18 Page: 10 of 15 - Page ID#: 15
Filed          18-CI-00068    1/29/2018           Karen Boehm, Scott Circuit Clerk
A true copy attest  18-CI-00068   01/29/2018     /s/Karen Boehm, Scott Circuit Clerk

review by the plan, unless the plan administrator determines that special circumstances (such as the need to hold a hearing, if the plan's procedures provide for a hearing) require an extension of time for processing the claim. If the plan administrator determines that an extension of time for processing is required, written notice of the extension shall be furnished to the claimant prior to the termination of the initial [45]-day period. In no event shall such extension exceed a period of [45] days from the end of the initial period. The extension notice shall indicate the special circumstances requiring an extension of time and the date by which the plan expects to render the determination on review." 29 C.F.R. § 2560.503-1(i)(1)(i) and (i)(3)(i).

33. There is a regulation that provides a plan the right to "toll" the deadline if the plan requests certain documentation missing from the submission. 29 C.F.R. § 2560.503-1(i)(4).

34. "In the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim." 29 C.F.R. § 2560.503-1(l).

35. Plaintiff appealed the adverse decision by letter dated May 10, 2016. In that letter, Plaintiff requested that CIGNA/LINA defer consideration of the appeal pending submission of additional information within 45 days. Plaintiff submitted additional information by letter dated May 19, 2016. CIGNA/LINA acknowledged receipt of the appeal by letters dated May 23, 2016, and June 1, 2016. Approximately 282 days elapsed between the date CIGNA/LINA

acknowledged receipt of the appeal on May 23, 2016, and the date of the decision on appeal, March 1, 2017.

36. By fax and letter dated November 1, 2016, Plaintiff advised CIGNA/LINA of her belief that they had failed to make a decision on her first appeal within the time allowed by ERISA. In response, CIGNA/LINA extended the deadline further beyond the 90 days allowed by ERISA regulations.

37. Plaintiff has suffered prejudice as a result of CIGNA/LINA's failure to timely decide her first appeal. She has experienced economic hardship as a result of the unnecessary delay in receiving the replacement income that disability benefits are intended to provide.

## Claims

### Count I: Claim for Breach of Contract

38. Plaintiff incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth in this paragraph.

39. Plaintiff was a participant in an employee benefit plan which included a disability insurance policy that was issued by CIGNA/LINA to TMMK.

40. Plaintiff, having fulfilled all terms and conditions of the disability insurance policy to the best of her knowledge, is entitled to disability benefits.

41. Defendants denied disability benefits to which Plaintiff is entitled under the policy.

42. The decision to deny benefits was incorrect, arbitrary and capricious, and not supported by substantial evidence.

Page 9 of 11

Filed  18-CI-00068  01/29/2018  Karen Boehm, Scott Circuit Clerk
A true copy attest  18-CI-00068  01/29/2018  /s/Karen Boehm, Scott Circuit Clerk

Case: 5:18-cv-00158-JMH Doc #: 1-1 Filed: 02/26/18 Page: 12 of 15 - Page ID#: 17
Filed          18-CI-00068    1/29/2018              Karen Boehm, Scott Circuit Clerk
A true copy attest    18-CI-00068    01/29/2018     /s/Karen Boehm, Scott Circuit Clerk

## Count II: Claim for Declaratory Relief under KRS 418.040 et seq.

### (Declaratory Judgment Act)

43. Plaintiff incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth in this paragraph.

44. There is a real and actual controversy between Plaintiff and Defendants over whether Plaintiff is disabled under the disability insurance policy for purposes of determining her entitlement to past, present, and future disability benefits.

45. It is anticipated that Plaintiff will remain disabled and be entitled to future disability benefits until her normal retirement age.

46. Plaintiff is entitled to declaratory judgment that she is currently disabled and entitled to future disability benefits, subject to the terms and conditions of the disability insurance policy.

### Alternative Count III: Claim for Benefits under ERISA § 502(a)(1)(B)

47. Plaintiff incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth in this paragraph.

48. ERISA § 502(a)(1)(B) provides that "[a] civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

49. Plaintiff was a participant in an employee benefit plan which included a disability insurance policy that was issued by CIGNA/LINA to TMMK.

Page 10 of 11

Filed          18-CI-00068    01/29/2018             Karen Boehm, Scott Circuit Clerk
A true copy attest    18-CI-00068    01/29/2018     /s/Karen Boehm, Scott Circuit Clerk

Case: 5:18-cv-00158-JMH  Doc #: 1-1  Filed: 02/26/18  Page: 13 of 15 - Page ID#: 18

Filed          18-CI-00068    1/29/2018           Karen Boehm, Scott Circuit Clerk
A true copy attest   18-CI-00068    01/29/2018         /s/Karen Boehm, Scott Circuit Clerk

50. Plaintiff, having fulfilled all terms and conditions of the disability insurance policy to the best of her knowledge, is entitled to disability benefits.

51. Defendants denied disability benefits to which Plaintiff is entitled under the policy.

52. The decision to deny benefits was incorrect, arbitrary and capricious, and not supported by substantial evidence.

### Relief

53. Plaintiff prays for a judicial determination to recover disability benefits under the Plan, to enforce her rights under the Plan, and to clarify her rights to future benefits under the Plan. Plaintiff also seeks prejudgment interest, costs, and attorney's fees.

Dated: January 29, 2018                    Respectfully submitted,

                                           By: /s/ Anwar K. Malik

                                           Anwar K. Malik
                                           Email: anwarkmalik@gmail.com
                                           Kelly P. Spencer
                                           Email: kelly.spencer.law@gmail.com
                                           Spencer Law Group
                                           2224 Regency Road
                                           Lexington, KY 40503
                                           Telephone: (859) 252-4357
                                           Facsimile: (859) 271-0021

                                           *Attorneys for Plaintiff*

Page 11 of 11

Filed          18-CI-00068    01/29/2018          Karen Boehm, Scott Circuit Clerk
A true copy attest   18-CI-00068    01/29/2018        /s/Karen Boehm, Scott Circuit Clerk

Karen Boehm, Scott Circuit Clerk
119 N. Hamilton Street
Georgetown, KY 40324-1784

Office of the Secretary of State
Summons Branch
700 Capital Ave., Suite. 86
Frankfort, KY 40601



# KCOJ eFiling Cover Sheet

Case Number: 18-CI-00068

Envelope Number: 854358

Package Retrieval Number: 8543586243154@00000129641

Service by: Long Arm Statute – Secretary of State

Service Fee: $ 10.00

Postage Fee: $ 12.82

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

Package:000001 of 000013

Presiding Judge: HON. PAUL F. ISAACS (614172)

Package : 000001 of 000013

7017 3040 0000 9263 6499

LIFE INSURANCE COMPANY
OF NORTH AMERICA
MICHAEL A. JAMES
TWO LIBERTY PLACE
1601 CHESTNUT STREET
PHILADELPHIA, PA 19192



kentucky
UNBRIDLED SPIRIT

ALISON LUNDERGAN GRIMES
SECRETARY OF STATE
P.O. Box 718
Frankfort, Kentucky 40602-0718

REGISTER TO VOTE